IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST )<br>FROM THE UKRAINE )<br>IN THE MATTER OF )<br>DOSTUP-112 RGL ST ) | Misc. No. 06- |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged tax and customs fraud.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>    (a)    The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a

foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: *Richard G. Andrews*
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 7/20/06

*State Emblem of Ukraine*

Public Prosecution of Ukraine

# GENERAL PROSECUTOR'S OFFICE OF UKRAINE

| 01011, Kyiv-11, Riznytska Str. 13/15 | fax: (044) 280-28-51 |
|---|---|

2/.06.06  No 14/2-26678-06

Department of Justice
of the United States of America
Office of International Affairs
Senior Counsel
Mr. Rex Young
Suite 800

Dear Mr. Young,

The General Prosecutor's Office of Ukraine expresses its highest consideration to the Department of Justice of the United States of America and in conformity with the provisions of the Agreement between Ukraine and the United States of America *On Mutual Legal Assistance in Criminal Matters* dated 22.07.1998 applies with letters of request for legal assistance.

The Investigation Division of Security Service Department of Ukraine in Ternopil region is investigating a criminal matter No 215, initiated on the fact of smuggling through the customs frontier of Ukraine of a complex of automatic control of warehouses and industrial territories "DOSTUP-112 RGL ST" to the amount of 3.277.338,62 UAH and on the fact of taking possession of the funds in the sum of 529.080 UAH, intended to VAT refund from the State budget of Ukraine in particularly large volumes, i.e. by the elements of crimes, envisaged by section 1 of Article 201 and section 5 of Article 191 of the Criminal Code of Ukraine.

The need of a number of proceedings in the territory of the United States of America has arisen in the course of investigation of the circumstances of an offence.

In view of the time limit for inquiry period in the matter, I'd like you to organize the execution of two international investigatory commissions enclosed and in the shortest possible time.

This criminal matter pursues no political objectives. The General Prosecutor's Office of Ukraine assures the Department of Justice of the United States of America that the received materials will be used by Ukrainian law-enforcement bodies only within the limits of a criminal matter and its consideration at court.

Please forward documents of the executed commission at the address of the General Prosecutor's Office of Ukraine quoting number 14/2-26678-06.

Enclosure: on 56 pages.

**Yours faithfully,**
**Head of International Law Department**                                              S.F.Kravchuk

By: A.V. Mayorova, tel.: 288-83-15

The seal of
the General Prosecutor's Office
of Ukraine

Translator of the General Prosecutor's Office of Ukraine                       R. Mykytenko

To : International Cases Bureau
of the Criminal Office of the Department of
Justice of the United States of America

Request for Legal Assistance in
Investigation of Criminal Case No 215
taken on the fact of realized smuggling
and taking another's property by
prevarication of official status by official
person in extremely large quantities

Ukraine is applying for rendering juridical assistance by competent authorities of the United States of America in criminal case No 215 according to the Treaty "About mutual juridical aid in criminal cases", signed by the USA and Ukraine on July 22, 1998 in Kyiv.

Pre-judicial investigation body of the SBU Office in Ternopil region is holding an inquiry into criminal case initiated on the fact of realized smuggling of complex of automatic control of warehouses and industrial territories "DOSTUP-112 RGL" across the Ukrainian customs border to a customs value of 3 277 338, 62 hryvnyas and on the fact of taking the funds in amount of 529 080 hryvnyas alloted for the value-added tax (VAT) refund from the State Budget of Ukraine in extremely large amounts. Therefore, this is a crime, envisaged by part 1 Article 201 and part 5 Article 191 of the Criminal Code of Ukraine.

The investigator needs the following information:
1. The firm "A.P. FINANCING Co. LTD" documents confirming or rebuting its registration in the United States of America; its operating within 2003 at the address: 1013 Centre Road, Wilmington, Country of New Castle, 19805 USA; transfer of payments by this firm through "MAGYAR KULKERESKEDELMI BANK RT. VAGI U. 38 BUDAPEST, HU" in the amount of 53 656, 90 USA dollars to the account of OJSC "Ukrainska tyutyunova kompaniya" instead of the firm "OTWORLD MANAGEMENT, LTD" (Eastern European Branch, LATVIA, RIGA, LV 1013 Brivibas Lela 34) according to the contract No 012K/ 05 of 20.05.2003.
Also to find out these questions the investigator kindly asks you to organize questioning as witnesses the firm "A.P. FINANCING Co. LTD" founders and representatives.

2. The firm "PARITEX INVESTMENTS LLC" documents confirming or rebuting its registration in the United States of America; its operating within

2003 at the address: 15 East North, Drover Delaware 19901 USA (director Kolesnykov Sergiï), concluding by this firm of the contract No 2 of 16.01.2002 with the "AGROSTROM-Kyiv", LTD (Kyiv, director Kaloyev A.Z.) and transfer of payments instead of it according to this contract in the amount of 560 860 USA dollars through the bank Latvian Ekonomic Commercial Bank (Lateko Bank) 21 Birznieka Upisha Street 1011 Riga, Latvia to the account of OJSC "Ukrainska tyutyunova kompaniya" by the firm "TRENDMAX LLC" (other data are not available) on 14.05.2002.

Also for the purpose of finding out these questions the investigator kindly asks you to organize questioning as witnesses the firms "PARITEX INVESTMENTS LLC" and "TRENDMAX LLC", USA founders and representatives.

3. Taking into account the fact that the Legislation of Ukraine provides limited time for investigation of criminal cases the investigation body of Ukraine kindly asks you to render an urgent assistance in fulfilling the request.

4. The investigation body of Ukraine assures the American competent authorities that all the information received in the process of fulfilling the request will be used only for the criminal case investigation and trial.

In the process of the pre-judicial investigation of the case it was established that on May 15, 2003 OJSC "Ukrainska Tyutyunova Companiya" (town of Monastyryska of Ternopil region, chairman of the company Pysarenko Yu.G.) concluded the contract No 25/ 05 for purchase of complex of automatic control of warehouses and industrial territories "DOSTUP - 112 RGL - 002ST" from the limited company (LTD) "Krona - Dyzayn" (Kyiv), the total sum of the purchase being 3 900 594,00 hryvnyas.

In its turn LTD "Krona - Dyzayn" according to the contract No 14/03 of March, 3, 2003 purchased the above-mentioned complex from the limited company "Bernstayn" (city of Kyiv), and the latter bought it from the limited company "Tekhagroservis" (Kyiv), which according to the documents is the producer of the above-mentioned equipment.

Later, on May, 20, 2003 OJSC "Ukrainska Tyutyunova Companiya" concluded the contract of comission No 20/05 with PE "Komertsiyni poslugy" (Odesa, Ukraine), according to which the enterprise undertook the liability of selling complex "DOSTUP" to the third persons. On this day the private enterprise concluded the contract No 012K-05 with the firm "OTWORLD MANAGEMENT", LTD" (Eastern Europen Branch, Latvia, RIGA, LV 1013 Brivibas Lela 34, Republic of Latvia) for the delivery of the complex by sea carrier on the terms of INCOTERMS 2000 SRT- Gdynia to the address of the firm "T.S. TRANSPED Sp.z.o.o." 76-200 Slupsk, ul. Kniaziewicza (Republic of Poland).

On June 25, 2003 PE "Komertsiyni poslugy" on the basis of customs declaration No 50004/3/012833 of 27.05.03, contract of commission No 20/05

3

of 20.05.2003 and contract No 012K-05 of 20.05.2003 exported complex "DOSTUP" through the Illichivsk sea-port of the Black Sea regional customs-house beyond the customs territory of Ukraine to a customs value 3 277 338, 62 hryvnyas.

However, according to the information from the Customs Office of criminal investigations of the Service of Government Revenues of Republic of Latvia  Ref. no. 20/32/1386/340/2378 of 5.12.2005 information concerning registration and business activities of the firm "OTWORLD MANAGEMENT, LTD (LV-1013, 34 Brivibas Street, Riga, Republic of Latvia) is not available in data base of Enterprises Register of this country.

In the process of inspection it was established that "Tekhagroservis", LTD didn't produce the complex of automatic control of warehouses and industrial territories "DOSTUP- 112 RGL-002ST".

With the purpose of obtaining the value-added tax refund, OJSC "Ukrainska tyutyunova kompaniya" official persons submitted to the Monastyrysk branch of Buchach Interdistrict State Tax Inspection Board of Ternopil region customs declaration No 50004/3/012833 of 27.05.03 as well as filled in value-added tax declaration No 1857 of 20.06.2003 on the basis of which within the period from May to December 2003 they illegally obtained and took funds of State Budget of Ukraine amounting to 529 080 hryvnyas as value-added tax refund for conduction of export operation.

Besides, funds in the amount of 560 860 USA dollars were as payment for the complex of automatic control of warehouses and industrial territories "DOSTUP- 112 RGL-002ST", which came to the account of OJSC "Ukrainska tyutyunova kompaniya" from Latvian Ekonomic Commercial Bank (Lateco Bank) 21 Birznieka Upisha Street 1011 Riga, Latvia from the firm "TRENDMAX LLC" according to the contract No 2 of 16.01.2002, concluded between "AGROSTROM-Kyiv", LTD and the firm "PARITEX INVESTMENTS LLC" and also funds in the amount of 53 656, 90 USA dollars, which came to the account of OJSC "Ukrainska tyutyunova kompaniya" from the firm "A.P. FINANCING (DE) CO LTD" USA from the bank "MAGYAR KULKERESKEDELMI BANK RT. VACI U. 38 BUDAPEST, HU".

**Article 201 of the Criminal Code of Ukraine:**
**1. Smuggling that is transfer of goods across the customs border of Ukraine past customs examination or concealing it from customs examination done in large quantities as well as illegal transfer of historical and cultural values, poisonous, drastic, radioactive or explosive substances, weapons and ammunition (exept smoothbore hunting weapons and ammunition to it) as well as smuggling of strategically important raw**

materials concerning which the Legislation has determined corresponding rules of taking them out beyond the borders of Ukraine, -
  is punished by imprisonment for a period from three to seven years with confiscation of smuggling objects.
  2. The same actions committed in a preliminary agreement by a group of persons or by a person who had a previous conviction for a crime specified in this Article, -
  is punished by imprisonment for a period from five to twelve years with confiscation of smuggling objects together with a confiscation of the property.

  *Note.* Smuggling of goods is considered to be done in large quantities if their cost a thousand and more times as much exceeds nontaxable minimum of citizens income (in 2003 nontaxable minimum of citizens income made up 17 hryvnyas).

Article 191 of the Criminal Code of Ukraine.
Appropriation, embezzlement of property or taking it by official status prevarication.

  1. Appropriation or embezzlement of another's property, which was attorned to a person or was in its charge, -
  is punished by a fine up to fifty nontaxable minimum of citizens income or correctional practices for a period to two years, or coercion of liberty for a period to four years, or imprisonment for a period to four years, with deprivation of the right to hold the position or debarment to engage in a certain activity for a period to three years or without suchlike.
  2. Appropriation, embezzlement or taking another's property by prevarication of official status by official person –
  is punished by coercion of liberty for a period to five years, or imprisonment for the same period, with deprivation of the right to hold the position or debarment to engage in a certain activity for a period to three years.
  3. Actions, provided by part one or two of this Article, committed repeatedly or in a preliminary agreement by a group of persons, -
  are punished by coercion of liberty for a period from three to five years, or imprisonment for a period from three to eight years, with deprivation of the right to hold the position or debarment to engage in a certain activity for a period to three years.
  4. Actions, provided by part one, two or three of this Article, if they were committed in large quantities, -

5

are punished by imprisonment for a period from five to eight years, with deprivation of the right to hold the position or debarment to engage in a certain activity for a period to three years.

5. Actions, provided by part one, two or three of this Article, if they were committed in extremly large quantities or by organized group, -

are punished by imprisonment for a period from seven to twelve years, with deprivation of the right to hold the position or debarment to engage in a certain activity for a period to three years and with confiscation of the property.

*Note. 4.* In articles 185-187 and 189-191 of this Code crime in extremly large quantities is designated crime, committed by one person or a group of persons for the sum, which a six hundred and more times exceeds nontaxable minimum of citizens income at the moment of committing a crime (in 2003 nontaxable minimum of citizens income made up 17 hryvnyas).

Implicated physical persons:

**1. Sergiï   Kolesnykov**
   Sex:        male

The investigator doesn't have another additional information about this person.

Information about implicated firms:

1. "A.P. FINANCING Co. LTD", USA,

   Address of the firm: 1013 Centre Road, Wilmington, Country of New Castle, 19805 USA

   Banks:                Hungarian Foreign Trade Bank Ltd.
                         1051 Budapest, Szent Istvan ter 11
                         SWIFT: ▮▮▮▮▮▮▮▮

   Post office box №:    ▮▮▮▮▮▮▮▮

2. "PARITEX INVESTMENTS LLC", USA,

   Address of the firm:   15 East North, Drover Delaware 19901 USA

6

Banks:  Correspond. Bank: BANKES TRUST
COMPANY NEW YORK, USA
SWIFT: ███
Corr. acc ███
Beneficiary bank: Parex bank Riga, Latvia
SWIFT: ███
BEN. ACC. ███

3. "TRENDMAX LLC"

The investigator doesn't have another additional information about firms "A.P. FINANCING Co. LTD", "PARITEX INVESTMENTS LLC" and "TRENDMAX LLC".

REQUIRED HELP

The investigator suspects, that:
- firms "A.P. FINANCING Co. LTD", "PARITEX INVESTMENTS LLC" and "TRENDMAX LLC" weren't registered and don't operate in the USA within the period from 2002 to 2003;
- if these firms are registered on the territory of the USA in the established order, they didn't have any contractual relations with ukrainian enterprises and didn't transfer money to an account of the OJSC "Ukrainsjka tyutyunova kompaniya";

Absence of above-mentioned firms, and rebuttle the facts about transferring money to the OJSC "Ukrainsjka tyutyunova kompaniya", will be the evidence, that mentioned in this request material assets weren't supplied and weren't to be supplied for foreign firms, but with the purpose of unlawful receipt from the state budget the value-added tax refund there were handled fictitious foreign economic operations.

REQUIRED DOCUMENTS

Ask to obtain from the competent authorities and supply information, which confirms or rebuts the registration of firms "A.P. FINANCING Co. LTD", at the address 1013 Centre Road, Wilmington, Country of New Castle, 19805 USA; "PARITEX INVESTMENTS LLC" at the address 15 East North, Drover Delaware 19901 USA and "TRENDMAX LLC" (the address is absent) in accordance with the USA legislation, and also their operation within the period from 2002 to 2003.

Also ask to obtain and supply officially certified copies of:
- the contract No 2 of 16.01.2002 concluded between "AGROSTROM Kyiv", LTD and firm "PARITEX INVESTMENTS LLC",

7

- documents, that confirm or rebut the fact of transfering the payments in the amount of 560 860 USA dollars, which on 14.05.2002 came to the account of the OJSC "Ukrainska tyutyunova kompaniya" through Latvian Ekonomic Commercial Bank (Lateko Bank) 21 Birznieka Upisha Street 1011 Riga, Latvia from the firm "TRENDMAX LLC" instead of the firm "PARITEX INVESTMENTS LLC";
- documents, that confirm or rebut the fact of transfering the payments in the amount of 53 656,90 USA dollars, which on 25.09.2003 came to the account of the OJSC "Ukrainska tyutyunova kompaniya" from the firm "A.P. FINANCING (DE) CO LTD", USA, from the bank "MAGYAR KULKERESKEDELMI BANK RT. VACI U. 38 BUDAPEST, HU, as the payment instead of the firm "OTWORLD MANAGEMENT, LTD";
- documents, that confirm or rebut the authority of Kolesnykov Sergiï in 2002, as the firm "PARITEX INVESTMENTS LLC" director.

REQUIRED EVIDENCES

1. If the registrated in the USA firm "PARITEX INVESTMENTS LLC" is available, identify and question as witnesses its founders and the director Kolesnykov Sergiï on the following questions:
    - from what time firm "PARITEX INVESTMENTS LLC" is registrated in the USA and at what address, who are its founders and who discharged the director's duties in 2002;
    - whether the firm concluded the contract No 2 of 16.01.2002 with "AGROSTROM-Kyiv", LTD about supply of material assets to the USA, and if it did, then whether the firm received material assets according to this contract and in what way was made the payment for them;
    - whether the firm "TRENDMAX LLC" really transfered the payments in the amount of 560 860 USA dollars to the account of the OJSC "Ukrainska tyutyunova kompaniya" on 14.05.2002 through Latvian Ekonomic Commercial Bank (Lateko Bank) 21 Birznieka Upisha Street 1011 Riga, Latvia instead of "PARITEX INVESTMENTS LLC";
    - whether they are acquainted with the chairman of the OJSC "Ukrainska tyutyunova kompaniya" Pysarenko Yu.G., and whether he bears a relation to conclusion of above-mentioned contract and to transfer the payment for it;
    - show the witnesses copy of the contract No 2 of 16.01.2002 concluded between firm "PARITEX INVESTMENTS LLC" and "AGROSTROM-Kyiv", LTD about supply of material assets to the USA in the amount of 114 589 970, 79 russian roubles, and also copy of money receipts advice of 14.05.2002 in the amount of 560 860 USA dollars to the account of the OJSC "Ukrainska tyutyunova kompaniya" from the firm "TRENDMAX LLC".

2. If the registrated in the USA firm firm "TRENDMAX LLC" is available, identify and question as witnesses its founders and chiefs on the following questions:

- from what time firm "TRENDMAX LLC" is registrated in the USA, at what address, who are its founders and who discharged the director's duties in 2002;
- whether the firm "TRENDMAX LLC" really transferred the payments in the amount of 560 860 USA dollars to the account of the OJSC "Ukrainska tyutyunova kompaniya" on 14.05.2002 through Latvian Ekonomic Commercial Bank (Lateko Bank) 21 Birznieka Upisha Street 1011 Riga, Latvia instead of "PARITEX INVESTMENTS LLC";
- if it did, then what was the base of transfering these payments;
- whether they are acquainted with the chairman of the OJSC "Ukrainska tyutyunova kompaniya" Pysarenko Yu.G., and whether he bears a relation to transfer above-mentioned payment;
- show the witnesses copy of money receipts advice of 14.05.2002 in the amount of 560 860 USA dollars to the account of the OJSC "Ukrainska tyutyunova kompaniya" from the firm "TRENDMAX LLC".

3. . If the registrated in the USA firm "A.P. FINANCING (DE) CO LTD" is available, identify and question as witnesses its founders and chiefs on the following questions:

- from what time firm "A.P. FINANCING (DE) CO LTD" is registrated in the USA, at what address, who are its founders and who discharged the director's duties in 2003;
- whether the firm "A.P. FINANCING (DE) CO LTD" transferred the payments in the amount of 53 656, 90 USA dollars to the account of the OJSC "Ukrainska tyutyunova kompaniya" on 25.09.2003 through "MAGYAR KULKERESKEDELMI BANK RT. VACI U. 38 BUDAPEST, HU" instead of the firm "OTWORLD MANAGEMENT, LTD";
- if it did, then what was the base of transfering these payments;
- whether they are acquainted with the chairman of OJSC "Ukrainska tyutyunova kompaniya" Pysarenko Yu.G., and whether he bears a relation to transfer above-mentioned payment;
- show the witnesses copy of money receipts advice in the amount of 53 656, 90 USA dollars to the account of OJSC "Ukrainska tyutyunova kompaniya", as payment instead of the firm "OTWORLD MANAGEMENT, LTD" according to the contract No 012K/05 of 20.05.2003.

PROCEEDINGS of FULFILMENT of INQUIRY

For the purpose of obtaining documents from the firms "A.P. FINANCING Co. LTD", "PARITEX INVESTMRNTS LLC" and

"TRENDMAX LLC", we ask a corresponding US body to send inquiries to the representatives of the above-mentioned firms to discover officially certified copies of the required documents and get answers on them.

For the purpose of obtaining information concerning the firms "A.P. FINANCING Co. LTD", "PARITEX INVESTMRNTS LLC" and "TRENDMAX LLC" registration in the established order, we ask you to send letters to the competent US authorities.

In the process of witnesses' examination and while preparing their results the following steps should be taken:

1. The questioning must begin from ascertaining the full name of the witness, his current address, date and place of birth.

2. The witness should be informed that he is not obliged to answer the questions concerning himself, members of his family and close relatives. The witness should also be informed that he may be prosecuted for untrue answers on all other questions.

3. An interrogator should put only those questions on which the answers are to be received.

4. All the above-mentioned information should be reflected in the record of evidence. The record must contain: 1) personal data, given by the witness; 2) indication of the fact that the competent US body has informed the witness of his right not to answer the questions concerning himself, members of his family or close relations, but all the other questions should be answered truly otherwise he could be prosecuted; 3) all the questions that have been put, and the answeres received.

5. Further on: 1) it is indispensable to read out to the witness all questions and his answers to them or: 2) to ask the witness to read on his own all the questions recorded in the minutes and answers to them

6. The fact whether the representative of the competent US body read out the questions and the answers to them to the witness or whether the witness got acquainted with them by himself should be noted in the record of evidence.

7. Each separate page of the record of witness' evidence should be signed by a person who gave evidence as a witness. Then the record is to be signed by the US official who conducted the questioning.

A PERSON WHOM TO CONTACT WITH

In case of any questions arising as far as this inquiry or its fulfillment is concerned one is to contact Vasyl Volodymyrovych Antonyuk, Chief of the Investigation Bureau of the SBU Office in Ternopil region (tel. 25-09-89 or 27-

10

92-21, fax: 52-18-93); his deputy Dvornikov Yuriy Pavlovych (tel. 27-92-68) or Investigator of the same Bureau Martysh Yaroslav Ivanovych ( tel. 27-92-16), code of Ternopil - 0352.

All deeds obtained in the process of the fulfillment of this inquiry should be sent to the following address: Investigation Bureau of the SBU Office in Ternopil region, 21 Stepana Bandery prospect, Ternopil, Ukraine, 46002.

**Chief of the Investigation Bureau**
**of the SBU Office in Ternopil Region**
**Colonel of Justice**                                                            V. Antonyuk

"29" April 2006

**Deeds attached to the Inquiry:**

1. Certified copies of the following documents:
- the contract No 2 of 16.01.2002 concluded between the firm "PARITEX INVESTMENTS" and "AGROSTROM-Kyiv", LTD about supply of material assets to the USA in the amount of 114 589 970, 79 russian roubles and supplementary agreement to it No 1 of 05.04.2002 on 4 pages and its English translation on 4 pages;
- money receipts advice of 14.05.2002 in the amount of 560 860 USA dollars to the account of the OJSC "Ukrainska tyutyunova kompaniya" from the firm "TRENDMAX LLC" on 1 page;
- money receipts advice in the amount of 53 656, 90 USA dollars to the account of the OJSC "Ukrainska tyutyunova kompaniya", as payment instead of the firm "OTWORLD MANAGEMENT, LTD" according to the contract No 012K/05 of 20.05.2003, on 1 page.

The translation from Ukrainian into English is made by the translator     N. Semenovych

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM THE UKRAINE )
IN THE MATTER OF ) Misc No. 06-
DOSTUP-112 RGL ST. )
<u>ORDER</u>

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

   1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

   2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated:   This _____ day of _____, 2006.

_____
United States District Court Judge